**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 19-1328**

─────────────

SUHAIL NAJIM ABDULLAH AL SHIMARI; SALAH HASAN NUSAIF JASIM
AL-EJAILI; ASA'AD HAMZA HANFOOSH AL-ZUBA'E,

Plaintiffs – Appellees,

and

TAHA YASEEN ARRAQ RASHID; SA'AD HAMZA HANTOOSH AL-ZUBA'E,

Plaintiffs,

v.

CACI PREMIER TECHNOLOGY, INC.,

Defendant and Third-Party Plaintiff – Appellant,

and

TIMOTHY DUGAN; CACI INTERNATIONAL, INC.; L-3 SERVICES, INC.,

Defendants,

v.

UNITED STATES OF AMERICA; JOHN DOES 1-60,

Third-Party Defendants.

------------------------

UNITED STATES OF AMERICA,

Amicus Curiae,

THE CENTER FOR JUSTICE AND ACCOUNTABILITY; RETIRED MILITARY OFFICERS; EARTHRIGHTS INTERNATIONAL,

Amici Supporting Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Leonie M. Brinkema, District Judge. (1:08-cv-00827-LMB-JFA)

Argued: July 10, 2019            Decided: August 23, 2019

Before FLOYD, THACKER, and QUATTLEBAUM, Circuit Judges.

Dismissed by unpublished opinion. Judge Floyd wrote the opinion, in which Judge Thacker joined in full. Judge Quattlebaum wrote a separate opinion concurring in the judgment.

**ARGUED:** John Frederick O'Connor, STEPTOE & JOHNSON LLP, Washington, D.C., for Appellant. Baher Azmy, CENTER FOR CONSTITUTIONAL RIGHTS, New York, New York, for Appellees. H. Thomas Byron, III, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Amicus Curiae. **ON BRIEF:** Linda C. Bailey, Molly B. Fox, STEPTOE & JOHNSON LLP, Washington, D.C.; William D. Dolan, III, LAW OFFICES OF WILLIAM D. DOLAN, III, PC, Tysons Corner, Virginia, for Appellant. Katherine Gallagher, CENTER FOR CONSTITUTIONAL RIGHTS, New York, New York; Jeena Shah, CUNY SCHOOL OF LAW, Long Island City, New York; Peter A. Nelson, Matthew Funk, Jared S. Buszin, Jeffrey C. Skinner, PATTERSON BELKNAP WEBB & TYLER LLP, New York, New York; Shereef Hadi Akeel, AKEEL & VALENTINE, P.C., Troy, Michigan, for Appellees. Joseph H. Hunt, Assistant Attorney General, Mark B. Stern, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.; G. Zachary Terwilliger, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Amicus Curiae United States of America. Daniel McLaughlin, Carmen Cheung, Elzbieta T. Matthew, THE CENTER FOR JUSTICE & ACCOUNTABILITY, San Francisco, California, for Amicus The Center for Justice & Accountability. Lawrence S. Lustberg, GIBBONS P.C., Newark, New Jersey, for Amicus Retired Military Officers. Marco B. Simons, Michelle C. Harrison, EARTHRIGHTS INTERNATIONAL, Washington, D.C., for Amicus EarthRights International.

Unpublished opinions are not binding precedent in this circuit.

FLOYD, Circuit Judge:

Plaintiffs are Iraqi citizens who allege that they were tortured while detained at Abu Ghraib. Defendant CACI Premier Technology, Inc. (CACI) is a U.S. government contractor that provided civilian interrogators at Abu Ghraib. Plaintiffs allege that CACI interrogators abused them—or conspired in or aided and abetted their abuse—in ways amounting to torture and other war crimes. In this interlocutory appeal, CACI asks us to reverse the district court's order denying it derivative sovereign immunity.

We dismiss because we lack jurisdiction. This conclusion follows from the reasoning of a prior en banc decision in which we dismissed CACI's interlocutory appeal from the district court's denial of similar defenses. *Al Shimari v. CACI Int'l, Inc.*, 679 F.3d 205, 213 (4th Cir. 2012) (en banc). As relevant here, we explained that "fully developed rulings" denying "sovereign immunity (or derivative claims thereof) may not" be immediately appealable. *Al Shimari*, 679 F.3d at 217 n.3. Indeed, we have never held, and the United States government does not argue, that a denial of sovereign immunity or derivative sovereign immunity is immediately reviewable on interlocutory appeal.

But even if a denial of derivative sovereign immunity may be immediately appealable, our review is barred here because there remain continuing disputes of material fact with respect to CACI's derivative sovereign immunity defenses.* *See id.* at 221 (distinguishing between the interlocutory appealability of immunity denials premised on

---

* Even if we assumed that our jurisdiction would permit us to determine whether CACI would be entitled to derivative sovereign immunity if the plaintiffs succeeded in proving their factual allegations, we would not, and do not, have jurisdiction over a claim that the plaintiffs have not presented enough evidence to prove their version of events. *Id.* at 221.

3

"fact-based" versus "abstract" issues of law and noting that only the latter supply a proper foundation for immediate appeal). Below, the district court concluded that even if the United States were entitled to sovereign immunity, "it is not at all clear that CACI would be extended the same immunity" due to continuing factual disputes regarding whether CACI violated the law or its contract. *Al Shimari v. CACI Premier Tech., Inc.*, 368 F. Supp. 3d 935, 970 (E.D. Va. 2019). The district court also denied CACI's motion for summary judgment on plaintiffs' ATS claims based on evidence showing "material issues of fact that are in dispute," J.A. 2238–50, and these factual disputes are substantially related, if not identical, to the elements of CACI's derivative sovereign immunity defense. Given these continuing factual disputes, this appeal does not turn on an abstract question of law and is not properly before us.

For these reasons, this appeal is

*DISMISSED.*

QUATTLEBAUM, Circuit Judge, concurring in judgment:

The order appealed involves important issues with potentially far-reaching implications. Despite that, our precedent compels me to join the judgment of the Court. In *Al Shimari v. CACI International, Inc.*, our Court, sitting en banc, determined that the only potential basis for interlocutory appeal here would be an appeal from an order on derivative sovereign immunity that involves an abstract issue of law. *Al Shimari v. CACI Int'l., Inc.*, 679 F.3d 205, 220–22 (4th Cir. 2012) (en banc). CACI insists we have such a situation and argues plaintiffs present no evidence representatives of CACI engaged in any of the alleged improper conduct as to these plaintiffs. But from my review of the record, I cannot reach that conclusion as a matter of law. Therefore, I agree the requirements for us to exercise appellate jurisdiction for an interlocutory appeal are lacking.

However, I write separately because in contrast to the majority's reading of the case, *Al-Shimari* explicitly held that the denial of derivative sovereign immunity may be appealable if the appeal involves an "abstract issue of law" or a "purely legal question." 679 F.3d at 221–22. We as a panel do not have the authority to alter that previous conclusion.

Yet despite this disagreement, being bound by our precedent, I concur with the majority's judgment. But I do so only reluctantly. Our narrow interpretation of the collateral order doctrine in this case has taken us down a dangerous road. This proceeding has allowed discovery into sensitive military judgments and wartime activities. It has also opened the door to an order that the United States has no sovereign immunity for claims that our military activities violated international norms—whatever those are. These may

5

seem like minor inconveniences given the conduct at issue has been uniformly condemned and because the defendant here is a private contractor. But while we have no jurisdiction to address them now, the implications from these proceedings are potentially quite significant. We will see whether this case progresses to a point where we have jurisdiction to address the important questions it raises.